NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1668-24

UNIFUND CCR LLC, AAO
CAPITAL ONE BANK (USA),
N.A.,

     Plaintiff-Respondent,

v.

CASSANDRA VALENTINE,

     Defendant-Appellant.

_____

Argued April 21, 2026 – Decided July 9, 2026

Before Judges Sumners and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. DC-019766-19.

Yongmoon Kim argued the cause for appellant (Kim Law Firm LLC, attorneys; Yongmoon Kim and Mark Jensen, on the briefs).

Richard J. Perr (Kaufman Dolowich LLP) argued the cause for respondent (Richard J. Perr and Monica M. Littman, on the brief).

PER CURIAM

In this debt collection matter, defendant Cassandra Valentine appeals the December 24, 2025 Law Division order denying her motion to vacate a default judgment that had been entered against her years earlier. Defendant moved to vacate the judgment based on Rule 4:50-1(d) and (f). However, the trial court treated her motion as if it were made under Rule 4:50-1(a) by enforcing a strict one-year filing deadline that applies to motions under section (a) but not sections (d) or (f) of the rule. Because the trial court's order rests on an incorrect legal basis, we remand for the court to reconsider its decision and to make findings of fact and conclusions of law under the correct legal standards.

I.

We discern the following pertinent facts and procedural history from the record. Defendant incurred debt with Capitol One Bank in the amount of $2,787.94. In February 2019, Capitol One sold defendant's debt to Distressed Asset Portfolio III, LLC (DAP), a passive debt buyer. DAP then assigned the debt to plaintiff Unifund CCR, LLC for collection. DAP did not hold a New Jersey consumer lender or sales finance license at the time of its acquisition and assignment of the debt, although it later acquired one in November 2020.

On November 15, 2019, plaintiff filed a collection action against defendant for $2,844.94—the original debt amount plus filing and service fees.

2

Defendant was served by mail with the summons and complaint on November 19. Defendant did not respond or otherwise appear, and on February 21, 2020, plaintiff requested entry of default judgment. On March 2, 2020, the trial court entered default judgment against defendant in the amount of $2,915.70, plus fees. Plaintiff attempted to execute the judgment but could not do so.

Four years later, on April 24, 2024, defendant filed a motion to vacate the default judgment pursuant to Rule 4:50-1(d) ("the judgment or order is void") and (f) ("any other reason justifying relief from the operation of the judgment or order"). Specifically, defendant argued that DAP's acquisition of her debt violated the New Jersey Consumer Finance Licensing Act, N.J.S.A. 17:11C-1 to -17:11C-49, because DAP was not a licensed consumer lender or sales finance company at the time.

The trial court denied defendant's motion on December 24, 2024, issuing a written order that stated:

> Pursuant to [Rule] 4:50-1(a), a default judgment will not be disturbed unless the failure to answer or otherwise appear and defend was excusable under the circumstances and the defendant has a meritorious defense. See US Bank Nat. Ass'n v. Guillaume, 209 N.J. 449, 468 (2012). Additionally, under [Rule] 4:50-2, a party seeking to vacate default judgment must make the appropriate application with[in] a reasonable time, but "not more than one year after judgment, order, or proceeding was entered or taken." In the present

3

matter, default judgment was entered on March 2, 2020, and [d]efendant makes this motion more than one year later, on April 24, 2024. For the foregoing reasons, [d]efendant's motion is DENIED.

This appeal followed.

## II.

We agree with defendant that the trial court's decision rests on an incorrect application of Rules 4:50-1 and -2. As we have noted, defendant moved to vacate the judgment pursuant to Rule 4:50-1(d) ("the judgment or order is void") and (f) ("any other reason justifying relief from the operation of the judgment or order"). Rule 4:50-2 provides that a motion to vacate judgment "shall be made within a reasonable time, and for reasons (a), (b) and (c) of R. 4:50-1 not more than one year after the judgment, order or proceeding was entered or taken." (Emphasis added).

In other words, while motions made under subsections (a), (b), and (c) of Rule 4:50-1 are subject to a strict one-year time limit, motions under sections (d) and (f) are instead subject to the more flexible, fact-sensitive "reasonable time" standard. Defendant thus contends, and we agree, that the motion court's order—which invoked Rule 4:50-1(a) and applied the one-year deadline—applies the wrong standard for determining the timeliness of defendant's motion to vacate the default judgment.

4                                                                          A-1668-24

We are unpersuaded by plaintiff's argument that the trial court "properly considered the totality of [the] circumstances" and determined that defendant's motion was not filed within a reasonable time.[1] The only memorialization of the trial court's reasoning is contained in its one-paragraph order. While the order mentions the "reasonableness" benchmark, the clear implication is that the court relied upon the one-year deadline and did not undertake any case-specific equitable analysis.[2]

We acknowledge that in the final reckoning, plaintiff may well be correct that defendant had no good reason for her delay as "[s]he and her counsel knew the basis on which they now seek relief for years before they did anything about it." But we are in no position on this record to assess the merits of defendant's counterarguments, including the argument in her reply brief that the four-year

---

[1] Specifically, plaintiff notes that, in the four years between the judgment and defendant's motion, defendant, represented by the same counsel as in this case, filed two offensive lawsuits against plaintiff related to collection of the same debt at issue here, and only moved to vacate the instant judgment after those suits were dismissed. See Valentine v. Unifund CCR, LLC, No. CV 20-5024, 2023 WL 22423 (D.N.J. Jan. 3, 2023) (dismissing the complaint for lack of standing); Valentine v. Unifund CCR, LLC, No. A-0835-23 (App. Div. Mar. 6, 2025) (affirming dismissal of the complaint).

[2] The record reflects that there was no hearing or oral argument in this case, and that the motion court decided it based solely on the parties' written submissions.

delay was reasonable because "[plaintiff's] structure affirmatively concealed" the facts rendering the judgment void—namely, that DAP, rather than plaintiff, owned defendant's debt.

In these circumstances, we deem it necessary and appropriate to remand this matter to the trial court to reconsider defendant's motion, applying the proper standards. We note by way of instruction on remand that defendant's motion requires the trial court to consider whether the judgment might be "void" (Rule 4:50-1(d)), whether equity required vacating the judgment despite defendant's four-year delay (Rule 4:50-1(f)), and whether defendant moved to vacate the judgment within a "reasonable time" (Rule 4:50-2), a determination that must be "based upon the totality of the circumstances." Romero v. Gold Star Distrib., LLC, 468 N.J. Super. 274, 296 (App. Div. 2021).

We decline to conduct this analysis ourselves in the first instance given that the record before us is scant with respect to the relevant circumstances and the trial court did not make factual findings regarding, for example, what caused defendant to delay filing her motion and whether she could have reasonably filed it sooner. See Rivera v. Union Prosecutor's Ofc., 250 N.J. 124, 146 (2022) (noting that original jurisdiction should be exercised "sparingly . . . and is generally used when the record is adequately developed and no further fact-

A-1668-24

finding is needed") (internal quotation marks and citations omitted). We offer no opinion whatsoever on whether, applying the correct standards, defendant's motion to vacate the default judgment should be granted.

To the extent we have not specifically addressed them, any remaining arguments raised by defendant lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E). Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1668-24